Application of Edward G. BUDNICK.

Patent Appeal No. 76–517.

United States Court of Customs and
Patent Appeals.

July 15, 1976.

Alvin Guttag, William T. Bullinger, Watson T. Scott, Washington, D. C., attys. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Gerald H. Bjorge, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the rejection of claims 25 through 28 of application serial No. 813,385, filed February 28, 1969, for "Chelation."[1] We affirm.

### The Invention

Claimed are hydroxymethane diphosphonic acid and alkali metal and ammonium salts, thereof, having the following formula:

$$R_1O \diagdown \overset{O}{\underset{R_2O \diagup}{\overset{\parallel}{P}}} - \overset{OH}{\underset{H}{\overset{\mid}{C}}} - \overset{O}{\overset{\parallel}{P}} \diagup^{OR_3}_{\diagdown OR_4}$$

wherein $R_1$, $R_2$, $R_3$, and $R_4$ are selected from the group consisting of hydrogen, alkali metal (e. g., sodium potassium, etc.), and ammonium. These compounds are useful as chelating or sequestering agents. Claim 25 is illustrative:

25. A compound of the class consisting of methanehydroxydiphosphonic acid and alkali metal and ammonium salts thereof.

### Proceedings Below

Appellant copied claims 25–28 from Quimby[2] in order to provoke an interference. The examiner rejected these claims under 35 U.S.C. 112, paragraph 1 (among other rejections), as based on a specification which does not enable one skilled in the art to make the claimed compounds. He gave the following reasons for doubting enablement:

The production of hydroxymethane diphosphonic acid by reacting phosgene with sodium diethyl phosphite would appear to be an unobvious reaction over the reaction disclosed in S.N. 485,624 and . . Schiefer et al[3] . . . as the phosgene contains two chlorine moieties.

and

Appellant urges that when phosgene is employed with phosphorous acid the product in the method of Schiefer et al is the claimed acid. This statement appears to be totally unfounded.

(1) Reacting phosgene with an alkali metal dialkyl phosphite to form a reaction product containing an alkali metal methane phosphatediphosphonate ester;

(2) Water washing the ester from step (1) to form a reaction product containing a methane phosphatediphosphonate ester; and

(3) Hydrolyzing or pyrolyzing the ester of step (2) to form a reaction product containing hydroxymethane diphosphonic acid.

---

1. This is a divisional application of serial No. 505,471, filed October 28, 1965, and is also a continuation-in-part of application serial No. 485,624 (discussed *infra*), filed September 7, 1965, now United States patent No. 3,471,406, issued October 7, 1969.

2. United States Patent No. 3,422,137, issued January 14, 1969, on an application filed December 28, 1965, to Quimby discloses and claims hydroxymethane diphosphonic acid and alkali metal and ammonium salts thereof, as well as a specific method of forming these compounds. The method disclosed by Quimby for forming the acid comprises the following steps:

3. United States patent No. 3,149,151, issued September 15, 1964. (Discussed *infra*.) The patent is cited in the specification for its teaching: "In general the acids and salts can be prepared by the methods shown in Schiefer."

The board affirmed this rejection, stating that "in view of the absence from appellant's specification of any teaching of employing phosgene, we agree with the examiner that the disclosure is inadequate to support these claims." It also affirmed the examiner's rejection under 35 U.S.C. 102(a) for being anticipated by Quimby.

## OPINION

■ Where an applicant asserts that a specification contains enablement commensurate in scope with the protection sought by the claims, but the examiner is of the opinion that the disclosure is nonenabling, he has the burden of substantiating his doubts concerning enablement with reasons or evidence. *In re Dinh-Nguyen,* 492 F.2d 856, 181 USPQ 46 (CCPA 1974). As this court said in *In re Marzocchi,* 439 F.2d 220, 224, 58 CCPA 1069, 1073, 169 USPQ 367, 370 (1971):

> In any event, it is incumbent upon the Patent Office, whenever a rejection on this basis is made [35 USC 112, paragraph 1, enablement], to explain *why* it doubts the truth or accuracy of any statement in a supporting disclosure and to back up assertions of its own with acceptable evidence or reasoning which is inconsistent with the contested statement.

*Accord, In re Armbruster,* 512 F.2d 676, 185 USPQ 152 (CCPA 1975).

Here, as pointed out by the Solicitor, appellant has not controverted the examiner's and board's findings that his specification does not contain "any reference to the use of phosgene as a reactant for use in preparing hydroxymethane diphosphonic acid" and that Schiefer and certain examples relied on (which appear in application serial No. 485,624 and were added by amendment to the present application) are "directed to processes of making various *substituted* hy-

droxymethane diphosphonic acids" rather than the claimed compounds. The Solicitor also notes the "well-known unpredictability of chemical reactions." [4]

■ We are persuaded that the findings and reasons of the examiner and the board satisfy the burden of the Patent and Trademark Office of substantiating doubts concerning enablement and that the burden has shifted to appellant to show that his specification would, indeed, enable one skilled in the art to make the claimed compounds. *In re Eynde,* 480 F.2d 1364, 178 USPQ 470 (CCPA 1973); *In re Fouche,* 439 F.2d 1237, 58 CCPA 1086, 169 USPQ 429 (1971).

In attempting to meet his burden, appellant relies on the Schiefer patent, which is referred to in his specification, and the aforesaid examples to show processes of forming the claimed compounds. Appellant has also offered an affidavit to show that "the method described in application No. 485,624 actually was used with phosgene (Carbonyl chloride) to prepare hydroxymethane diphosphonic acid and the corresponding potassium salt."

■ The process disclosed by Schiefer comprises forming an alkyl-substituted hydroxymethane diphosphonic acid by reacting an acyl chloride with phosphorous acid. Appellant argues that this process, *using phosgene as a reactant in place of the acyl chloride,* "results in the product hydroxymethane diphosphonic acid which is covered by the appealed claims." However, the record is barren of any showing that the claimed compounds would, in fact, be formed, and argument of counsel cannot take the place of evidence. *In re Schulze,* 346 F.2d 600, 52 CCPA 1422, 145 USPQ 716 (1965); *In re Cole,* 326 F.2d 769, 51 CCPA 919, 140 USPQ 230 (1964). Also, we note that phosgene contains two chlorine atoms, rather than the one chlorine atom that the

---

4. The examiner's reasons for doubting enablement were quoted earlier under *"Proceedings Below."*

acyl chloride reactants of Schiefer contain. Appellant has failed to show how this extra chlorine atom would be removed in forming the claimed compounds, or that one skilled in the art could determine without undue experimentation how to remove this extra chlorine atom to form the claimed compounds.

Regarding the examples added to the specification, the process, as shown by the first example, comprises the following steps:

(1) Reacting triethyl phosphite with acetyl chloride to form diethyl acetylphosphonate (DEAP);

(2) Reacting diethyl phosphite with sodium metal to form the sodium salt of diethyl phosphite;

(3) Reacting the DEAP with the sodium salt of diethyl phosphite to form the methyl-substituted hydroxymethane diphosphonate; and

(4) Hydrolyzing the product of step (3) to form methyl-substituted hydroxymethane diphosphonic acid.

Appellant has failed to show how one skilled in the art, using these process steps and substituting phosgene for the acetyl chloride, could eliminate the extra chlorine atom of phosgene and produce the claimed compounds without undue experimentation.

■ Regarding the above-referred-to affidavit, appellant has failed to show that the process steps of the examples and those used in the affidavit are *in fact* the same. The process steps set forth in the affidavit are as follows:

(1) Reacting sodium metal with diethyl phosphite to form the sodium salt of diethyl phosphite;

(2) Reacting the sodium salt of diethyl phosphite with phosgene to form hydroxymethane diphosphonate; and

(3) Hydrolyzing the product of step (2) to form hydroxymethane diphosphonic acid.

Clearly, such a process differs from that of the examples; although it reacts phosgene with a sodium salt of diethyl phosphite to produce the hydroxymethane diphosphonate, the process of the examples reacts acetyl chloride with triethyl phosphite to form the associated phosphonate and then reacts this phosphonate with the sodium salt of diethyl phosphite to produce the hydroxymethane diphosphonate.[5]

■ Appellant further argues that "application 485,624 has issued into patent 3,471,406 and the disclosure thereof can be relied upon since it is prior in filing date to parent application Serial No. 505,471." This argument is not well taken. Patents offered to prove the state of the art for the purpose of the enablement requirement of 35 U.S.C. 112, paragraph 1, must have an *issue* date earlier than the effective filing date of the application on appeal. *In re Scarbrough,* 500 F.2d 560, 182 USPQ 298 (CCPA 1974); *In re Glass,* 492 F.2d 1228, 181 USPQ 31 (CCPA 1974).

In view of the foregoing, we hold that appellant has failed to show that his specification would enable one skilled in the art to make the claimed compounds. Accordingly, it is unnecessary to reach the rejection under 35 U.S.C. 102(a).

The decision of the board is *affirmed.*

AFFIRMED.

---

**5.** Appellant, in a post-hearing memorandum comparing the process steps of the examples added by amendment with the process steps of the affidavit, has also offered Example 3 of application serial No. 485,624 for comparison with the process steps of the affidavit. Since this example was *not* added to appellant's specification, it has not been considered. *In re Lund,* 376 F.2d 982, 54 CCPA 1361, 153 USPQ 625 (1967).